IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| AMHERST EXEMPTED VILLAGE SCHOOL DISTRICT BOARD OF EDUCATION, | ) ) ) ) | CASE NO. 1:07-CV-0920 |
| Plaintiff, | ) ) | JUDGE NUGENT |
| v. | ) ) | MAGISTRATE JUDGE VECCHIARELLI |
| ALICE CALABRESE, *et al.*, | ) ) ) | REPORT AND RECOMMENDATION DOCKET # 88 |
| Defendants. | ) | |

This matter is before the magistrate judge on referral. Defendant Alice Calabrese ("Calabrese"), moves for sanctions against plaintiff, Amherst Exempted Village School Board ("Amherst"). Doc. No. 88. Amherst opposes Calabrese's motion. Doc. No. 90. For the reasons given below, the court should deny Calabrese's motion in part and grant it in part.

I. Background

The court incorporates by reference the facts described in the Report and Recommendation addressing Amherst's motion for summary judgment. Doc. No. 91.

Amherst initiated this action against Calabrese and Menefee on March 29, 2007. It sought an award of attorney's fees against Calabrese and Menefee for initiating an administrative action against Amherst pursuant to the Disabilities in Education Improvement Act ("IDEIA").

On March 20, 2008, Amherst moved to dismiss Calabrese from the case with prejudice. Doc. No. 78. A Report and Recommendation dated March 27, 2008 recommended that Judge Nugent grant Amherst's motion. Doc. No. 84. No party has objected to this recommendation, and the court has not ruled on Amherst's motion.

Calabrese now moves the court for sanctions against Amherst pursuant to Fed. R. Civ. P. 11 ("R. 11") and Fed. R. Civ. P. 54(d) ("R. 54(d)").

## II. Sanctions pursuant to R. 11

Calabrese seeks sanctions pursuant to R. 11. Rule 11 provides in relevant part:

> (b) **Representations to Court**. By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, . . .
>
>      (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law.
>
>      (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; . . .
>
> **(c) Sanctions.** . . .
>
>      (2) *Motion for Sanctions*. A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appriopriately corrected within 21 days after service or within another time the court sets. . . .

Fed. R. Civ. P. 11(b)(2-3) & (c)(2). "[S]anctions under Rule 11 are unavailable unless the motion for sanctions is served on the opposing party for the full twenty-one day 'safe harbor' period before it is filed with or presented to the court . . . ." *Ridder v. City of*

*Springfield*, 109 F.3d 288, 299 (6th Cir. 1997).

Calabrese does not allege that she served the motion for sanctions on Amherst 21 days before filing the motion with the court, nor does the record show such service. As Calabrese has not complied with the "safe harbor" provision of R. 11, sanctions are not available to her pursuant to that rule.

III. Sanctions pursuant to R. 54(d)

Calabrese also seeks costs pursuant to R. 54(d). Rule 54(d) provides in relevant part, "Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party."

Sixth Circuit cases do not decisively establish whether a party voluntarily dismissed with prejudice is a "prevailing party" for purposes of R. 54(d). In *Knology, Inc. v. Insight Communications Co., L.P.*, 460 F.3d 722 (6th Cir. 2006), plaintiff, Knology, Inc., won a declaratory judgment and injunctive relief against some defendants, although losing on other issues. Defendant Insight Communications, Inc., claimed that because Knology dismissed it from the case with prejudice, it was a prevailing party for purposes of R. 54(d). The Sixth Circuit disagreed on the basis of Knology, Inc.'s successful prosecution of some of its claims:

> Insight also contends that based on Knology's voluntary dismissal of its case with prejudice, Insight is by definition the prevailing party under Rule 54 and entitled to costs. Insight's argument is based on the formalistic view that by terminating its action without first amending the complaint, Knology lost all of its claims, including the declaratory judgment claim on which it may have initially prevailed. This is a correct statement of the law regarding the effect of a voluntary dismissal. *See Mgmt. Investors v. United Mine Workers*, 610 F.2d 384, 393 (6th Cir. 1979). Even so, however, it does not mean that there was no value to Knology of having the declaratory judgment and injunctive relief entered on its behalf, even if it subsequently decided not to make any use of those rulings.

-3-

*Knology*, 460 F.3d at 727. Given the decision on the unique facts of the case, it cannot be said that the Sixth Circuit has given any clear indication that a dismissal with prejudice, without more, does or does not entitle a party to "prevailing party" status within the meaning of R. 54(d) and 28 U.S.C. § 1920.

The Sixth Circuit has applied the analysis of "prevailing party" found in *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health and Human Res.*, 532 U.S. 598 (2001), a case addressing the fee-shifting provisions of the Americans with Disabilities Act of 1990, to R. 54(d) motions for costs. *See Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 835-36 (6th Cir. 2005)*. Buckhannon* and *Andretti* held that (1) a prevailing party is one who receives at least some relief on the merits of its claim provided there is (2) a judicially-sanctioned change in the legal relationship between the parties. *Buckhannon*, 532 U.S. at 603, 605; *Andretti*, 426 F.3d at 835.

A dismissal with prejudice, even a voluntary dismissal, satisfies both requirements for prevailing party status. A defendant who has not asserted a counterclaim against plaintiff[1] seeks only the dismissal of the claims plaintiff asserts against the defendant. A dismissal with prejudice, therefore, gives such a defendant everything the defendant seeks. Moreover, when the court enters judgment dismissing the defendant with prejudice, a judicially-sanctioned change in the legal relationship between the parties has occurred: Plaintiff is forevermore estopped from asserting any claims it raised or could have raised against the defendant in plaintiff's action. As the Sixth Circuit observed in *Smoot v. Fox*, 340 F.2d 301, 303 (6th Cir. 1964), a case in which plaintiff sought voluntarily to dismiss

---

[1] Calabrese has not asserted a counterclaim against Amherst. She has, however, asserted a cross-claim and third party complaint against defendant Donald R. Menefee.

-4-

defendant, "Dismissal of an action with prejudice is a complete adjudication of the issues presented by the pleadings and is a bar to a further action between the parties. An adjudication in favor of the defendants, by court or jury, can rise no higher than this."

For these reasons, Calabrese is a prevailing party within the meaning of R. 54(d) against Amherst. As a prevailing party, Calabrese is presumed to be entitled to costs pursuant to R. 54(d).

IV. Conclusion

For the reasons given above, the court should (1) deny Calabrese's motion for sanctions pursuant to R. 11, (2) grant Calabrese's motion for costs pursuant to R. 54(d), and (3) in its final judgment require Amherst to pay Calabrese's costs in this action.


Dated:  June 19, 2008                    /s/ Nancy A. Vecchiarelli
                                         Nancy A. Vecchiarelli
                                         United States Magistrate Judge

**OBJECTIONS**
**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days after being served with a copy of this Report and Recommendation.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v.Arn,* 474 U.S. 140 (1985)*, reh'g denied,* 474 U.S. 1111 (1986).**