IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| AMHERST EXEMPTED VILLAGE SCHOOL DISTRICT BOARD OF EDUCATION, | ) ) ) | CASE NO. 1:07 CV 920 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| ALICE CALABRESE, et al., | ) | Magistrate Judge Nancy A. Vecchiarelli |
| | ) | |
| Defendant. | ) | **MEMORANDUM OPINION** |

This matter is before the Court on four separate Report and Recommendations issued by Magistrate Judge Nancy A. Vecchiarelli (Document #s 84, 91, 92 and 93). This case arises from proceedings initiated by Defendant Alice Calabrese on behalf of her son. Calabrese alleged that Amherst Exempted Village School District Board of Education failed to provide her son with a Free Appropriate Public Education. Defendant Donald R. Menefee served as her legal counsel. Her requests for relief were ultimately denied.

On March 29, 2007, Amherst filed this action against Calabrese and Menefee for recovery of attorney fees pursuant to 20 U.S.C. § 1415(i)(3)(B)(i)(II)-(III). On October 11, 2007, Defendant Calabrese filed a cross-claim and third-party complaint against Menefee. On February 29, 2008, Amherst moved to dismiss Calabrese as a defendant.

As set forth in the Magistrate Judge's Report and Recommendation at Docket #91, the factual and procedural history of this case is as follows:

Menefee is deemed to have admitted or does not challenge the following facts. Prior to the sixth grade, Angelo Calabrese ("Angelo") was identified as suffering from a Specific Learning Disability, Attention Deficit Hyperactivity Disorder. Pursuant to the Individuals with Disabilities in Education Improvement Act ("IDEIA"), Amherst provided Angelo with a series of individualized educational programs ("IEPs") designed to accommodate his disability. In high school, his IEPs included individualized tutoring and extensive classroom accommodations. Angelo's final grades in ninth grade included two Bs, a B-, and a C+; and Angelo passed the Ohio Graduation Tests in science, math, and reading in the tenth grade. Angelo failed his tenth grade classes, however. The administrative hearing officer found that during tenth grade Angelo was absent from school 18½ times, was late 13 times, and failed to turn in or complete a number of assignments and tests. Angelo's Special Education teacher spoke with Calabrese frequently and exchanged about 40 e-mails with Calabrese about these problems during Angelo's tenth grade year. Angelo's 11th grade IEP included a plan to correct his behavioral deficiencies.

On July 3, 2006, Alice Calabrese ("Calabrese"), Angelo's mother, began due process proceedings on Angelo's behalf. Menefee served as her legal counsel. Calabrese alleged that Amherst had failed to provide Angelo with a free appropriate public education ("FAPE"), but her complaint did not specify any particular shortcoming in Angelo's IEPs. Calabrese sought reimbursement for tutoring expenses between fifth and tenth grades; compensatory placement at Lawrence School, a private school, at public expense; and transportation to and from Lawrence School. Calabrese was concerned by her son's recent failing grades, and she began due process proceedings to ensure that Angelo would be able to graduate high school.

On August 24, 2006, Amherst extended a formal offer of settlement to Calabrese pursuant to 20 U.S.C. § 1415(i)(3)(D).[1] The offer consisted of two years of private school tuition. Calabrese, through Menefee, rejected Amherst's offer and advanced a counteroffer that included attorney's fees. Amherst found the counteroffer unacceptable. On August 31, 2006 Amherst extended a second offer, adding transportation to and from the private school and 40 hours of after-school or weekend private tutoring to allow Angelo to make up credits lost due to

---

[1] Amherst asserts that it extended the formal settlement offer pursuant to 20 U.S.C. § 1415(i)(3)(D) and Fed. R. Civ. P. 68 ("R. 68"). Amherst errs. *See discussion, infra* at 13-14.

-2-

failed courses in the 10th grade. Menefee rejected this offer on September 5, 2006. His rationale in rejecting both offers was that two years of private education was not enough to ensure Angelo's graduation from Lawrence School.

Impartial Hearing Officer ("IHO") Harry H. Taich held a due process hearing on September 27, 2006 and October 4, 2006. He limited Calabrese's claims to those involving IEPS for the previous two years pursuant to the statute of limitations in the 2004 amendments to the IDEIA. *See* 20 U.S.C. § 1415(b)(6). Calabrese presented no evidence of any allegedly reimbursable expenditures for Angelo's education and no evidence that Amherst violated any procedural provision of the IDEIA. Calabrese's only witnesses were Calabrese and the Dean of Admissions of Lawrence School.[2] Calabrese testified that she believed Angelo's failures during his freshman and sophomore years were the result of deficiencies in his IEP. The IHO determined in his final decision that Calabrese had argued that the IEP was deficient merely because Angelo had failed courses. The final decision pointed out that Angelo's failures had a great deal to do with his own lack of effort. The IHO determined that the evidence presented by Calabrese fell far short of meeting her burden of proof and that she had offered no witnesses, exhibits, testimony, or other evidence to support her position that Angelo's IEP failed to provide an FAPE. The IHO further determined that Amherst had given Calabrese due process and had complied with the requirements of the IDEIA by giving Angelo an FAPE. The IHO therefore denied all of Calabrese's requests for relief.

Calabrese timely appealed the IHO's decision to State Level Review in January 2007. Following briefing, the State Level Review Officer ("SLRO") affirmed the decision of the IHO. In affirming the IHO's decision, the SLRO noted that Calabrese had failed to question any of the IHO's findings of fact, had failed to provide any evidence that Angelo's IEPs had been inappropriate beyond his failure of several classes, and had objected only to the IHO's conclusions. Calabrese chose not to review further the decisions against her. Amherst alleges that it spent $35,342.50 in attorney's fees defending itself against Calabrese's due process complaint and appeal.

On March 29, 2007 Amherst filed this action against Calabrese[3] and

---

[2] Angelo was not enrolled in Lawrence School and had not submitted a formal application to the school at the time of Lawrence's testimony.

[3] On October 11, 2007, Defendant Calabrese filed a cross-claim and third-party complaint against Menefee. On February 29, 2008, Amherst moved to dismiss Calabrese as a defendant.

Menefee for recovery of attorney fees pursuant to 20 U.S.C. § 1415(i)(3)(B)(i)(II)-(III). Amherst seeks an award of attorney's fees from the date of Amherst's last settlement offer through the conclusion of this action in federal court. Menefee, an attorney licensed in Ohio, signed a Waiver of Service for Summons on March 29, 2007 and, pursuant to Federal Civil Rule 4(d)(3), his Answer was due sixty days thereafter.

On May 8, 2007, Menefee filed a motion for a 30-day continuance until June 14, 2007 to file his Answer. The court granted his motion. Two weeks after the June 14 deadline passed, Menefee moved for an additional continuance of forty-five days. The court granted in his motion part and ordered him to file an answer no later than July 16, 2007.  Menefee failed to comply with the Court's deadline and also failed to attend a Case Management Conference ("CMC") held on July 30, 2007. On July 31, 2007, Amherst filed a motion for default judgment against Menefee. On August 15, 2007, a month after his answer was due, Menefee filed a motion for a six week continuance to respond to Amherst's motion. On August 20, 2007, the court granted Menefee two weeks to file an answer.[4]

Menefee filed his answer on September 4, 2007. The answer failed to comply with the general rules of pleading in Fed. R. Civ. P. 8(b) by stating in plain terms Menefee's defenses to each claim Amherst asserted or to deny or admit the specific allegations made in the complaint. On September 17, 2007, Amherst moved for an order deeming the allegations not denied in Menefee's answer should be deemed admitted. The court issued an order reminding Menefee that Local Rule 7.1(d) required him to respond to Amherst's motion by October 4, 2007. On October 11, 2007, Menefee filed a response captioned "Motion in Opposition to Plaintiff's Motion for Summary Judgment." On October 15, 2007, the court granted Amherst's motion and deemed Menefee to have admitted all the averments in the complaint except the first sentence of ¶ 12 and the entirety of ¶¶ 17 and 19.

Amherst moved for summary judgment on February 18, 2008. Menefee failed timely to file an opposition to Amherst's motion.

As set forth below, the Magistrate Judge recommends as follows:

- <u>Docket #84.</u>    The Magistrate Judge recommends that Amherst Exempted Village School District Board of Education's Motion to Dismiss With Prejudice its claims

---

[4] Each motion for a continuance filed by Defendant Menefee avers that he has contracted a bacterial infection that has resulted in blindness in his left eye. The Court accepts these statements as true.

against Defendant Alice Calabrese (Docket #78) be granted. On February 20, 2008, Amherst filed its Motion pursuant to Fed. R. Civ. P. 41(a)(2). The time has passed for Co-Defendant Donald R. Menefee to object to dismissing Calabrese. The Magistrate Judge found no reason why Amherst's Motion to Dismiss should be denied.

- Docket #91.   The Magistrate Judge recommends that the Motion for Summary Judgment filed by Amherst Exempted Village School Board against Defendant Donald R. Menefee (Docket #76) be granted. Amherst moves for summary judgment in this action for attorney's fees pursuant to the IDEIA.

    In making her decision relative to attorney's fees and costs, the Magistrate Judge noted that (1) Menefee did not challenge any procedure that Amherst offered Calabrese and failed to offer any evidence beyond Calabrese's unsupported opinion that Amherst did not provide Angelo with an FAPE; and, (2) on appeal, Menefee did not challenge any procedure that Amherst offered Calabrese and failed to challenge any of the IHO's factual findings. Further, the Magistrate Judge stated that Menefee's continued prosecution of the administrative action by demanding an impartial review of the decision of the hearing officer despite (1) offering no challenge to any of Amherst's procedures; (2) failing to challenge a single factual finding in the hearing officer's decision; and, (3) a clear record of some educational achievement by Angelo in his ninth and tenth grade years, was unconscionable. Based on the foregoing, the Magistrate Judge found Menefee's prosecution of the administrative action against Amherst was frivolous, unreasonable and without legal foundation, thereby warranting an award of attorney's fees to Amherst for defending against Calabrese's appeal of the decision of the hearing officer.

    Based upon the documents submitted relative to the attorney's fees incurred, and the underlying purposes of the IDEIA, the Magistrate Judge recommends and that Court grant Amherst's Motion for Summary Judgment and award it $2,970.00 for defending against the appeal of the decision of the hearing officer, and $10,000 for pursuing the action in this Court. The Magistrate Judge also recommends that this Court impose upon Menefee Amherst's costs incurred in this Action, as enumerated in Rule 54(d)(1) and 28 U.S.C. § 1920.

- Docket #92.   The Magistrate Judge recommends that the Court deny in part and grant in part Defendant Alice Calabrese's Motion for Sanctions against Amherst Exempted Village School Board. (Docket #88.) Calabrese moves for sanctions against Amherst pursuant to Fed. R. Civ. P. 11 and Fed. R. Civ. P. 54(d). The Magistrate Judge determined that because Calabrese did not comply with the "safe harbor" provision of Fed. R. Civ. P. 11, requiring that she serve her motion for sanctions on Amherst 21 days before filing her Motion with the Court, sanctions are not available to her pursuant to that Rule.

> However, pursuant to Fed. R. Civ. P. 54(d), the Magistrate Judge determined that because a dismissal with prejudice affords Calabrese with everything she seeks, specifically the dismissal of the claims Amherst asserts against the defendant, Calabrese is a prevailing party within the meaning of Fed. R. Civ. P. 54(d). Accordingly, she is presumed to be entitled to costs. Therefore, the Magistrate Judge recommends that the Court (1) deny Calabrese's Motion for Sanctions pursuant to Fed. R. Civ. P. 11; (2) grant Calabrese's Motion for Costs pursuant to Fed. R. Civ. P. 54(d); and, (3) in its final judgment, require Amherst to pay Calabrese's costs in this Action.

- <u>Docket #93.</u>   The Magistrate Judge recommends that should the Court accept the recommendations delineated in Docket #s 91, 92 and 93, the Court should dismiss the unresolved cross-claims of Calabrese against Menefee for negligence, legal malpractice, and subrogation, without prejudice, and allow the Parties to adjudicate the claims in State Court.

On July 3, 2008, Menefee filed his Objections to the Magistrate Judge's Report and Recommendations. (Objections at Docket #95, Report and Recommendation at Docket #92.) Menefee argues that he was hindered in this case by due process violations that resulted from his disability. Menefee argues that he followed the procedure set forth in the IDEIA and pursued the case according to his client's wishes. Further, Menefee asserts that he followed the Canons of Professional Responsibility in zealously representing his client. Menefee asserts that Amherst is responsible for any legal costs incurred by Amherst after the original mediation because it was Amherst's decision to reject Menefee's inquiry as to whether the original offer of settlement was still available. Therefore, Menefee argues he had no choice but to proceed or completely withdraw and he acted in accordance with his client's wishes.

Further, Menefee urges the Court to reject the Report and Recommendation of the Magistrate Judge, asserting that adopting the Magistrate Judge's Report and Recommendation would have a chilling effect on parents who have claims against school districts under similar

circumstances.

On July 3, 2008, Amherst filed its Objections to the Magistrate Judge's Report and Recommendation for an Award of Costs to Defendant Calabrese. (Objections at Docket #94; Report and Recommendation at Docket #92.) Amherst argues that Calabrese is not a prevailing party under Fed. R. Civ. P. 54(d) and, therefore, is not entitled to costs. Further, even if this Court finds Calabrese to be a prevailing party, Amherst urges the Court to deny an award of costs because Amherst litigated the matter in good faith and that Calabrese's "behavior in this suit has been less than cooperative." Amherst argues that if Calabrese incurred any costs, they were needlessly spent. Finally, Amherst asserts that there was no prolonged trial or discovery necessitating recovery of costs.

In addition to the above, Amherst argues that granting Calabrese prevailing party status and awarding her costs undermines public policy. Specifically, Amherst states that "it is inequitable for [Calabrese] to agree to a voluntary dismissal and then seek costs for such stipulation."

On July 14, 2008, Calabrese filed her Response to Plaintiff's Objections to the Magistrate Judge's Report and Recommendation for an Award of Costs to Defendant Calabrese. (Docket #96.) Calabrese asks the Court to adopt the Report and Recommendation of the Magistrate Judge. Calabrese asserts that she is the prevailing party, as the granting of a dismissal with prejudice materially altered the relationship of the parties. Calabrese argues that rather than acting as a disincentive for plaintiffs to file voluntary dismissals, an award of costs actually may force plaintiffs to seriously consider the merits of their suits prior to filing and at every stage of the litigation process. Further, Calabrese asserts should not be penalized for agreeing to be

dismissed with prejudice, arguing that there is no public policy or equitable argument that would favor penalizing Calabrese by making her pay the costs she incurred defending the lawsuit.

Calabrese asserts that the costs requested were necessary. Calabrese argues that the case should never have been brought against her and, that despite repeated efforts by Calabrese's current attorney to have her dismissed from the case, she was not dismissed from the case until after the depositions were taken and her dispositive motion was due. Calabrese disagrees with Amherst's argument that this was not a difficult case, asserting that this is a case of first impression, and given history of the case, her new attorney had to place the case "in the proper procedural posture" prior to addressing "a potentially precedent-setting lawsuit."

Further, Calabrese disagrees with Amherst's contention that her behavior was "less than cooperative." Specifically, Calabrese asserts that she did not "evade" service of the Summons and Complaint, as is suggested by Amherst. Rather, Amherst was unsuccessful in serving her because of an incorrect address. Therefore, Calabrese argues that she should not be penalized or called uncooperative because of Amherst's failure to serve. Finally, Calabrese states that her deposition had to be rescheduled because of illness, not because she was trying to evade her deposition.

In addition to the above, Calabrese notes that the deadlines imposed by the Magistrate Judge contradict Amherst's assertion that her costs were needlessly spent. Calabrese states that the depositions of a school district official, Calabrese, and Menefee were taken on January 3, 2008, and the dispositive motion deadline was February 1, 2008. Calabrese states that it was her intention to file a motion for summary judgment and, therefore, her Counsel immediately ordered all three depositions to be transcribed, a total cost of $966.95. Calabrese states that it

wasn't until January 28, 2008 that Counsel for Amherst contacted Counsel for Calabrese with initial discussions about a settlement, at which time the parties agreed to request an extension of time, until February 18, 2008, to file dispositive motions. The request was granted. On February 13, 2008, a Notice of Voluntary Dismissal was filed, rejected by the Magistrate Judge, and on February 20, 2008, a Motion for Dismissal with Prejudice was filed. The Motion was granted on March 27, 2008. Given the time-line of events in this case, Ms Calabrese argues that the costs incurred were indeed necessary and that costs should be awarded as she is the prevailing party.

**Standard of Review for a Magistrate Judge's Report and Recommendation**

The applicable standard of review for a magistrate judge's report and recommendation depends upon whether objections were made to that report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case *de novo*. FED. R. CIV. P. 72(b) states:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

**Conclusion**

This Court has reviewed the Magistrate Judge's Report and Recommendations *de novo* and has considered all documents of record in this case, as well as the Objections filed by Amherst and Menefee, and the Response to Amherst's Objections filed by Calabrese. After careful evaluation of the record, this Court adopts the findings of fact and conclusions of law of the Magistrate Judge as its own. Accordingly, the Court hereby ADOPTS the four separate

Report and Recommendations issued by Magistrate Judge Vecchiarelli.  (Docket #s 84, 91, 92 and 93.)  Accordingly:

- Amherst Exempted Village School District Board of Education's Motion to Dismiss With Prejudice its claims against Defendant Alice Calabrese (Docket #78) is hereby GRANTED.  Amherst's claims against Defendant Alice Calabrese are hereby DISMISSED WITH PREJUDICE.

- The Motion for Summary Judgment filed by Amherst Exempted Village School Board against Defendant Donald R. Menefee (Docket #76) is hereby GRANTED.  Amherst is awarded $2,970.00 for defending against the appeal of the decision of the hearing officer, and $10,000.00 for pursuing the action in this Court.  Menefee shall be responsible for the costs incurred by Amherst in this action, as enumerated in Rule 54(d)(1) and 28 U.S.C. § 1920.  Amherst shall file an explanation and evidence of the costs incurred within 10 days of this Order.  Any response from Menefee shall be filed within 10 days thereafter.

- Defendant Alice Calabrese's Motion for Sanctions against Plaintiff, Amherst Exempted Village School Board (Docket #88) is hereby DENIED in part and GRANTED in part.  Calabrese's Motion for Sanctions pursuant to Fed. R. Civ. P. 11 is hereby DENIED.  Calabrese's Motion for Costs pursuant to Fed. R. Civ. P. 54(d) is hereby GRANTED.  Calabrese shall file an explanation and evidence of costs incurred within 10 days of this Order.  Any response from Amherst shall be filed within 10 days thereafter.

- The unresolved claims of Calabrese against Menefee for negligence, legal malpractice, and subrogation, are hereby DISMISSED without prejudice so that the Parties may adjudicate the claims in State court.

IT IS SO ORDERED.

                                  s/Donald C. Nugent
                                  DONALD C. NUGENT
                                  United States District Judge

DATED:  July 21, 2008