IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| AMHERST EXEMPTED VILLAGE SCHOOL DISTRICT BOARD OF EDUCATION, | ) ) ) ) | CASE NO. 1:07-CV-0920 |
| Plaintiff, | ) ) | JUDGE NUGENT |
| v. | ) ) | MAGISTRATE JUDGE VECCHIARELLI |
| ALICE CALABRESE, *et al.*, | ) ) | MEMORANDUM OF OPINION DOCKET # 99 |
| Defendants. | ) | |

This matter is before the magistrate judge on referral. Defendant Alice Calabrese ("Calabrese"), moves for attorney's fees and costs against plaintiff ("the Motion"), Amherst Exempted Village School Board ("Amherst"). Motion, Doc. No. 99. Amherst opposes Calabrese's motion. Opposition Brief, Doc. No. 102.

For the reasons given below, Calabrese's motion for fees and costs should be granted. It is impossible to determine, however, a reasonable amount of fees and costs from the documentation submitted by Calabrese. To avoid piecemeal objections and appeals regarding the amount to be awarded, a resolution of the amount of the award should be reached before this court files a Report and Recommendation responding to

Calabrese's motion.[1]  The steps that each party and this court shall take to reach a resolution regarding the amount of fees and costs are described below.

## I. Background

The court incorporates by reference the facts described in the Report and Recommendation addressing Amherst's motion for summary judgment. Doc. No. 91.

Amherst initiated this action against Calabrese and Donald R. Menefee ("Menefee") on March 29, 2007.  It sought an award of attorney's fees against Calabrese and Menefee for initiating an administrative action against Amherst pursuant to the Disabilities in Education Improvement Act ("IDEIA").  On July 21, 2008, the court dismissed Calabrese from the case with prejudice upon motion from Amherst, granted Amherst summary judgment against Menefee, granted in part and denied in part Calabrese's motion for sanctions against Amherst, and dismissed Calabrese's remaining claims against Menefee without prejudice to allow the parties to adjudicate the claims in state court.

Calabrese now moves the court for attorney's fees and other costs against Amherst pursuant to 20 U.S.C. § 1415(i)(3) ("§ 1415(i)(3)").  Section 1415(i)(3)(B)(i) provides in relevant part, "In any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs-- (I) to a prevailing party who is the parent of a child with a disability . . . ."  Calabrese contends that as she was the prevailing party in Amherst's action against her for attorney's fees and as Amherst's action against her was brought pursuant to 20 U.S.C. §§ 1415(i)(2)(A) and 1415(i)(3)(B)(i)(III), she is entitled to an award of attorney fees against Amherst. Amherst

---

[1] This court shall issue a Report and Recommendation from which objections may be taken after it has determined the appropriate costs and fees.

-2-

replies that Calabrese was not a prevailing party within the meaning of § 1415. Rather, Amherst contends, Calabrese was a prevailing party only for the limited purpose of awarding costs under Fed. R. Civ. P. 54(d). Consequently, Amherst argues that Calabrese is not entitled to an award of attorney's fees pursuant to § 1415(i)(3)(B)(i)(I).

The court awarded costs to Calabrese against Amherst upon granting in part Calabrese's motion for sanctions against Amherst. Calabrese sought sanctions pursuant to Fed. R. Civ. P. 11 ("R. 11") and Fed. R. Civ. P. 54(d) ("R. 54(d)"). The court overruled Calabrese's request for sanctions pursuant to R. 11 for failure to comply with the "safe harbor" provisions of R. 11. The court granted Calabrese's request for costs pursuant to R. 54(d). In granting this portion of Calabrese's motion, the court applied the analysis of "prevailing party" found in *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health and Human Res.*, 532 U.S. 598 (2001), to R. 54(d) motions for costs. *See also Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 835-36 (6th Cir. 2005). *Buckhannon* and *Andretti* held that (1) a prevailing party is one who receives at least some relief on the merits of its claim provided there is (2) a judicially-sanctioned change in the legal relationship between the parties. *Buckhannon*, 532 U.S. at 603, 605; *Andretti*, 426 F.3d at 835. The court found that a dismissal with prejudice, even a voluntary dismissal, satisfies both requirements for prevailing party status pursuant to R. 54(d):

> A defendant who has not asserted a counterclaim against plaintiff[2] seeks only the dismissal of the claims plaintiff asserts against the defendant. A dismissal with prejudice, therefore, gives such a defendant everything the defendant seeks. Moreover, when the court enters judgment dismissing the defendant with prejudice, a judicially-sanctioned change in the legal relationship between the parties has

---

[2] Calabrese has not asserted a counterclaim against Amherst. She has, however, asserted a cross-claim and third party complaint against defendant Donald R. Menefee.

> occurred:  Plaintiff is forevermore estopped from asserting any claims it raised or could have raised against the defendant in plaintiff's action.  As the Sixth Circuit observed in *Smoot v. Fox*, 340 F.2d 301, 303 (6th Cir. 1964), a case in which plaintiff sought voluntarily to dismiss defendant, "Dismissal of an action with prejudice is a complete adjudication of the issues presented by the pleadings and is a bar to a further action between the parties. An adjudication in favor of the defendants, by court or jury, can rise no higher than this."

Report and Recommendation, June 19, 2008, Doc. No. 92, p. 4-5; *adopted by* Memorandum of Opinion, July 21, 2008, Doc. No. 97.  For these reasons, Calabrese was a prevailing party within the meaning of R. 54(d) against Amherst and entitled to costs pursuant to R. 54(d).

## II.  Whether attorney's fees should be awarded pursuant to § 1415(i)(3)(B)(i)

Amherst filed this action against Calabrese and Menefee pursuant to § 1415(i)(3). Complaint, Doc. No. 1, p. 6.  The Sixth Circuit has determined when a *plaintiff* is a "prevailing party" pursuant to § 1415(i)(3):

> A plaintiff is deemed a prevailing party if it can point to some resolution of the dispute that altered the legal relationship between itself and the defendant.  *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.,* 489 U.S. 782, 792-93 (1989) (citations omitted); *Payne* [*v. Board of Educ., Cleveland City Schs.*], 88 F.3d [392, 397 (6th Cir.1996)] (citations omitted).  Whether the plaintiff succeeded on the main issue of the litigation is irrelevant for purposes of the prevailing party analysis. [*Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*], 489 U.S. [782, 790 (1989)].  489 U.S. at 790 (rejecting the "central issue" test); *Phelan,* 8 F.3d 373 (citation omitted). Similarly, plaintiff's overall success in the litigation does not affect prevailing party status; overall success goes to the issue of a fee award's reasonableness.  *See Farrar v. Hobby,* 506 U.S. 103, 113-14 (1992) ("we hold that the prevailing party inquiry does not turn on the magnitude of the relief obtained"). "In short, a plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff."  *Id.* at 111-12.

*Kari H. By and Through Dan H. v. Franklin Special School Dist.*, 125 F.3d 855 (6th Cir. 1997).

Once again, *Smoot* instructs that when determining whether a *defendant* is a

-4-

prevailing party, "Dismissal of an action with prejudice is a complete adjudication of the issues presented by the pleadings and is a bar to a further action between the parties. An adjudication in favor of the defendants, by court or jury, can rise no higher than this." *Smoot*, 340 F.2d at 303. Amherst moved to dismiss its claims against Calabrese with prejudice. When the court granted its motion and dismissed Calabrese with prejudice on July 21, 2008, the legal relationship between Calabrese and Amherst was altered in a way that forever altered Amherst's behavior toward Calabrese; *viz.*, Amherst could no longer assert against Calabrese the claims in the instant case or any claims that could have been raised in the instant case. By any standard, Calabrese was a "prevailing party" in the instant case.

Amherst brought this case pursuant to §§ 1415(i)(2)(A) and 1415(i)(3)(B)(i)(III). Section 1415(i)(3)(B)(i) provides, "In any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs-- (I) to a prevailing party who is the parent of a child with a disability." In the Sixth Circuit, attorney's fees are awarded to a prevailing party in an IDEIA case unless special circumstances militate against an award of fees. *Wikol ex rel. Wikol v. Birmingham Public Schools Bd. of Educ.*, 360 F.3d 604, 611 (6th Cir. 2004). Whether special circumstances exist is determined on a case-by-case basis without a preconceived standard. *Id.*

Amherst argues that Calabrese should not be awarded attorney's fees because she is a "prevailing party" only for the limited purposes of an award of costs pursuant to R. 54(d). Amherst is mistaken. In adjudicating Calabrese's motion for sanctions, the court determined, and was asked to consider, only whether Calabrese was a "prevailing party" for purposes of R. 54(d). The court determined that she was. But Calabrese is also a

-5-

"prevailing party" for purposes of § 1415(i)(3)(B)(i)(I) by virtue of the dismissal with prejudice of Amherst's action against her. Consequently, Calabrese is entitled to an award of attorney's fees against Amherst.

Amherst also argues that "[t]o qualify as a prevailing party under the IDEA's fee-shifting statute, a [party] 'must obtain at least some relief on the merits of [her] claim.'" Opposition Brief at 3 (quoting *Farrar v. Hobby*, 506 U.S. 103, 111 (1992)) (brackets in quoting brief). The altered quotation from *Farrar* occurs in the following original context:

> Therefore, to qualify as a prevailing party, a civil rights[3] *plaintiff* must obtain at least some relief on the merits of his claim. The *plaintiff* must obtain an enforceable judgment against the defendant from whom fees are sought, *Hewitt, supra,* 482 U.S., at 760, or comparable relief through a consent decree or settlement, *Maher v. Gagne,* 448 U.S. 122, 129 (1980). Whatever relief the plaintiff secures must directly benefit him at the time of the judgment or settlement. See *Hewitt, supra,* 482 U.S., at 764. Otherwise the judgment or settlement cannot be said to "affec [t] the behavior of the defendant toward the plaintiff." *Rhodes, supra,* 488 U.S., at 4. Only under these circumstances can civil rights litigation effect "the material alteration of the legal relationship of the parties" and thereby transform the plaintiff into a prevailing party. *Garland, supra,* 489 U.S., at 792-793. In short, a plaintiff "prevails" when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff.

*Farrar v. Hobby*, 506 U.S. 103, 111-12 (1992) (emphasis added). As Calabrese was not a plaintiff in the instant action, the question of whether she obtained relief on the merits of her claim is not applicable to her. The more fundamental issue is whether there has been a material alteration in the relationship between the parties. By virtue of the dismissal with prejudice of Amherst's claims against Calabrese, there has been such a material alteration in their relationship.

---

[3] The Supreme Court has applied caselaw applicable to awarding attorney's fees in civil rights cases to cases brought pursuant to § 1415.

Amherst also cites *Long v. Dawson Springs INd. Sch. Dist.*, 197 Fed. Appx. 427 (6th Cir. 2006), and *Horen v. Board of Educ. of the Toledo City Sch. Dist.*, ___ F.3d ___, 2008 WL 2931611 (N.D. Ohio July 30, 2008), for the proposition that a party is not entitled to attorney's fees unless she has prevailed in the administrative action to some degree or presented a successful appeal under the statute.  As neither case addressed the issue of attorney's fees nor the issue of when a party was a "prevailing party" within the meaning of § 1415, neither case stands in any way for the proposition for which Amherst advances it.

Finally, Amherst quotes *Buckhannon*, 532 U.S. at 605, as quoted by *Lum v. Mercedes Benz, USA, L.L.C.*, 246 F.R.D. 544, 547 (N.D. Ohio 2007), as follows:

> A defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial imprimatur on the change.  Our precedents thus counsel against holding that the term "prevailing party" authorizes an award of attorney's fees without a corresponding alteration in the legal relationship of the parties.

*Buckhannon* is inapplicable to the instant case.  In *Buckhannon*, defendant ordered plaintiff to close living-assisted residences because a fire marshall determined that its residents were incapable of "self-preservation."  Plaintiff sued defendant in federal court for a declaratory judgment that the requirement of self-preservation violated the Fair Housing Amendments Act and the Americans with Disabilities Act.  When the state legislature voluntarily eliminated the requirement of self-preservation, the federal court dismissed plaintiff's action as moot.  Plaintiff then moved for attorney's fees pursuant to R. 54(d). The United States Supreme Court affirmed the lower court's denial of attorney's fees because there had been no "judicial imprimatur" on defendant's voluntary change and no corresponding alteration in the legal relationship between the parties.  In the instant case,

however, the court's dismissal of Calabrese with prejudice *has* put a "judicial imprimatur" on the change sought by Calabrese and altered the legal relationship between the parties. Consequently, Calabrese is a prevailing party where the plaintiff in *Buckhannon* was not.[4]

Despite Amherst's objections, Calabrese is a prevailing party within the meaning of § 1415(i)(3)(B)(i)(I). There are no special circumstances that would militate against an award of attorney's fees.[5] Consequently, the court should award Calabrese attorney's fees pursuant to that statute.

### III. The amount of fees to be awarded

Calabrese moves for an award of attorney's fees in the amount of $31,443.75. This request includes all attorney hours devoted to this case, including time devoted to Calabrese's cross-claim and third-party complaint against Menefee, time spent by Calabrese's second attorney educating himself in IDEIA law, and time devoted to aborted depositions. Amherst objects that the amount of fees requested is excessive.

Calabrese is entitled to *reasonable* attorney's fees expended to defend herself against Amherst's claims brought pursuant to § 1415. That statute does not authorize attorney's fees expended for other purposes. Calabrese is not entitled, therefore, to an award of fees representing time spent pursuing her cross-claim and third-party claim

---

[4] The court also notes that although *Lum* supports Amherst's position that a grant of a motion for voluntary dismissal does not make a defendant a prevailing party, caselaw in this district holds otherwise. *See, e.g., Uniflow Mfg. Co. v. Superflow Mfg. Corp.,* 10 F.R.D. 589 (N.D.Ohio 1950). In any case, this is persuasive, not mandatory, authority, and the court in *Lum* misread *Buckhannon*.

[5] Amherst's argument that a "special circumstance" militating against an award of fees is the fact that Calabrese is a prevailing party only for purposes of R. 54(d) is based on a mistaken premise.

against Menefee.

Similarly, Amherst should not be required to fund Calabrese's attorney's tuition in learning the intricacies of IDEIA law. Section 1415 provides attorney's fees for practicing IDEIA law, not for learning it. Thus, Amherst's argument that at least some of the time spent conferring with the referencing attorney is excessive is well-taken. Conferring with a specialist, within limits, is a reasonable expenditure of time. But the hours apparently devoted to discussions with the referring attorney in this case are excessive.

The court opines that the time spent consulting with a specialist is only "apparently" excessive because it cannot make an accurate assessment of the reasonableness of the requested fees from the itemization provided. The billings from Calabrese's attorney do not take care to separate time devoted to various purposes. For example, a single entry includes 7.25 hours for "[d]raft, file motion for leave to file instanter; research, draft, file answer, crossclaim and third part[y] complaint; discussions w/client, referring attorney." Itemization of Attorney's Fees, attached to the Motion, p. 3. The failure to identify specifically and individually the purpose and nature of each billed item precludes this court from any meaningful review of the requested fees. Moreover, the fee bills do not satisfy the burden of the party requesting fees to demonstrate that the requested fees are reasonable. Nor is that burden satisfied by such vague entries as "research" without reference to the topic of that research.

In addition, Calabrese is not entitled to attorney's fees for the purpose of seeking sanctions pursuant to Fed. R. Civ. P. 11. Calabrese did not prevail in that effort, at least in part because she failed to comply with the "safe harbor" provisions of the rule.

Finally, Amherst contends that the itemized bill includes 3.25 hours for "aborted

-9-

depositions" that were aborted because Calabrese did not appear for the deposition. Calabrese does not deny this. Under these circumstances, Amherst should not be required to reimburse Calabrese for this time.

Calabrese shall file with the court and serve on Amherst a revised itemization of fees and costs in accordance with the court's determinations above. Calabrese shall also provide Amherst, but need not file with the court, a copy of his timesheets upon which the original and revised itemization is based.[6] Amherst shall then have ten days to file its objections to Calabrese's revised itemization. If necessary, the court will hold a hearing to resolve disagreements between the parties before issuing a Report and Recommendation regarding the amount of the award of attorney's fees.

### IV. An award of other costs

Calabrese also requests an award of $966.95 in costs other than attorney's fees. This amount represents the court reporter's fee for a transcripts of the January 3, 2008 depositions of Donald R. Trent, Calabrese, and Menefee. Calabrese ordered the transcripts on January 15, 2008 in preparation for filing a motion for summary judgment. On January 21, 2008, Amherst filed these transcripts with the court.

Amherst does not challenge the amount of these costs. Amherst does, however, challenge the reasonableness of any charge related to preparation for Calabrese's filing a motion for summary judgment, as Calabrese did not file such a motion. Calabrese defends the reasonableness of these costs, pointing out that several days before

---

[6] If the original timesheets do not reflect the necessary detail, Calabrese may be unable to establish her reasonable attorney's fees. A fee award may not be based upon speculation.

-10-

dispositive motions were due, plaintiff initiated settlement discussions. This led to a request for an extension of the dispositive motion deadline, which eventually led to a dismissal. Thus, Calabrese contends, the costs of preparing a motion for summary judgment, even though not filed, were reasonably incurred.

Title 28 U.S.C. § 1920 ("§ 1920") governs the items that are awardable as costs. Section 1920 provides in relevant part:

> A judge . . . of any court of the United States may tax as costs the following:
>
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;

As the court noted in *West Wind Africa Line, Ltd. v. Corpus Christi Marine Services Co.*, 834 F.2d 1232, 1237-38 (5th Cir. 1988), subsections (2) and (4) of § 1920 have been interpreted to authorize taxing as costs the expenses of taking, transcribing, and reproducing depositions. Ordinarily, the costs of taking and transcribing depositions reasonably necessary for the litigation are allowed to the prevailing party. Necessity is determined as of the time of taking, and the fact that a deposition is not actually used is not controlling. *LaVay Corp. v. Dominion Federal S. & L. Ass'n*, 830 F.2d 522, 528 (4th Cir. 1987).

Thus, Calabrese's expenses for transcripts of depositions may be awarded as costs, as the taking, transcribing, and production of the relevant depositions was reasonable at the time those costs were incurred. The court is not inclined, however, to include in its award the expenses associated with expedited production of the transcripts. The necessary depositions were taken January 3, 2008. At that time, the deadline for filing

dispositive motions was February 1, 2008. The parties' failure timely to schedule depositions was not reasonable, and costs attributable to the parties' delay in taking depositions should not be included in the court's award of costs. Calabrese shall, therefore, submit a revised itemization of costs in which the costs attributable to expedited production of transcripts is excised from the requested costs.

### V. Alternative

This court is well aware that the litigious pursuit and defense of attorney's fees could substantially increase the cost of this case. Accordingly, the court strongly suggests that if the parties want to limit the time and expense spent in addressing this issue, they agree on the amount of attorney's fees and costs that are reasonable within the guidelines set forth in this Memorandum of Opinion. Such an agreement would only waive future challenges to the *amount* of fees and costs. Amherst's right to challenge whether Calabrese is entitled to fees and costs as announced in the Memorandum of Opinion would not be prejudiced.


Dated: October 16, 2008         /s/ Nancy A. Vecchiarelli
                                Nancy A. Vecchiarelli
                                United States Magistrate Judge